[No. 3960.]

## TAYLOR V. BASTIAN.

1. DECEIT—*False Representations*, that the stock of a corporation has been practically subscribed and paid for, and that the corporation is possessed of valuable assets, known to be false by the party making them, entitles one who has been thereby deceived, and induced to purchase shares, to recover the money with which he has parted.

2. APPEALS—*Substantial Justice Accomplished*. It appearing from the testimony given by the appellant himself that the judgment given below was in every respect a just one, the court declined to consider assignments of error based upon the receipt and rejection of testimony or the giving and refusing of instructions.

*Error to Denver District Court.* HON. GREELEY W. WHITFORD, Judge.

MR. WAYNE C. WILLIAMS for plantiff in error.

MR. HARRY S. SILVERSTEIN for defendant in error.

*Per Curiam.*

Plaintiff in error, Taylor, as defendant below, together with one J. H. Kelley, by false and fraudulent representations induced the defendant in error, Bastian, to purchase from Kelly certain shares of stock in a corporation which Taylor was promoting. These fraudulent representations consisted in statements made by Kelley and Taylor calculated to induce in the mind of Bastian a belief that the corporation, which was organized, among other things, for the purpose of constructing a railroad and promoting town sites, possessed valuable assets, which in truth and in fact it did not own, and that practically all the stock of said corporation had been subscribed and paid for, while but very little of said stock had been paid for or unqualifiedly subscribed. Upon discovering these facts, Bastian brought suit to recover the money which he had paid for said stock, and had judgment.

The evidence shows with reasonable clearness that the stock had no value whatever; and it also showed conclusively that both Taylor and Kelley, and especially Taylor, must have known of the falsity of the statements which they made to

Bastian. Indeed, the proof was so clear that it is probable the trial court would have been warranted in instructing a verdict for Bastian. Under these circumstances, we are not disposed to consider the various assignments of error based upon the giving and refusing of instructions or the receiving and rejecting of evidence. We are satisfied, from the evidence of Taylor himself, that the judgment (from which Kelley sought no appeal) is a just one, and ought not to be disturbed. The propositions of law, ably discussed in his brief by counsel for plaintiff in error, present no novel questions which justify their consideration in this opinion.

The judgment of the trial court is affirmed.